U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 24 2018
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WISDOM LEE SIMMS JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:17-CV-061-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Wisdom Lee Simms Jr., a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

**I. BACKGROUND**

On April 21, 2015, pursuant to a plea agreement, petitioner pleaded guilty in the 297th District Court, Tarrant County, Texas, Case No. 1384786D, to one count of robbery by threats and true to having a prior felony conviction and was sentenced to 20

years' imprisonment in TDCJ.[1] (SHR[2] 196-205, doc. 15-11.) Petitioner did not appeal the trial court's judgment of conviction but did seek postconviction state habeas relief by filing a state habeas-corpus application, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. (SHR 2-18, doc. 15-10 & Action Taken, doc. 10-1; 02SHR, Action Taken, doc. 10-3; 03SHR, Action Taken, doc. 10-10-54.) This federal petition followed.

Petitioner's trial counsel summarized the facts of the case as follows:

> On August 30, 2014, at 0018 hours, [petitioner] entered the 7-11 located at 13351 South Freeway in Fort Worth, Texas. [Petitioner] complained of muscle cramps and was directed to the pharmacy area of the store by a female clerk. [Petitioner] selected several items and approached the checkout register. [Petitioner] left the store stating he left his card in his car. [Petitioner] returned to the store with a black object wrapped in a green towel telling the clerk that the had a bad day. [Petitioner] told the clerk several times, "Don't make me hurt you. Hurry, I have a gun." Fearing for her life, the clerk gave [petitioner] the contents of the register. [Petitioner] instructed the clerk to go to the restroom and left the store in a Silver Dodge Avenger.
>
> Detective K.D. Koralewski with the Fort Worth Police Department was assigned the case for follow-up investigation. Detective Koralewski retrieved the store

---

[1] The pleadings and TDCJ records reflect that on the same date petitioner also pleaded guilty to robbery by threats in Case No. 1384788D and was sentenced to 20 years' confinement, the sentences to run concurrently. TDCJ's Offender Information Details, *available at* http://www.tdcj.state.texas.gov/OffenderSearch.

[2] "SHR" refers to the state court record of petitioner's state habeas-corpus application in WR-85,238-01.

2

surveillance footage from the robbery and prepared a
bulletin with a still frame of [petitioner] and his
vehicle and distributed to patrol officers.

    On September 6, 2014, Fort Worth police located
[petitioner] at the Oasis Motel. [Petitioner] was
standing near a Silver Dodge Avenger. Officers obtained
complete identification for [petitioner] and took
photos of [petitioner] and his vehicle with a digital
camera.

    On September 8, 2014, Detective Koralewski
prepared a six-person lineup containing [petitioner]
and 5 other males with similar appearance and
characteristics. Detective Koralewski presented the
lineup to the female clerk and she identified
[petitioner] as the person who robbed her.

(SHR 37-38, doc. 15-10.)

## II. ISSUES

Petitioner raises four grounds for relief. In grounds one, two, and three, petitioner claims he received ineffective assistance of trial counsel because counsel-

(1) failed to request a competency evaluation;

(2) failed to investigate his long history of mental illness; and

(3) had a conflict of interest.

In ground four, petitioner claims counsel's cumulative errors resulted in him being "sentenced unknowing and involuntary."[3] (Pet. 6-7, doc. 1.)

---

[3]To the extent petitioner's claims exceed the scope of the claims presented in state court, the claims are unexhausted for purposes of § 2254(b)(1)(A) and are not addressed in this opinion.

3

## III. RULE 5 STATEMENT

Respondent believes that petitioner has exhausted his state court remedies and that the petition is neither successive nor untimely. (Resp't's Answer 3, doc. 11.)

## IV. STANDARD OF REVIEW

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. *Harrington v. Richter,* 562 U.S. 86, 100-01 (2011); 28 U.S.C. § 2254(d)(1)-(2). Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. It is the petitioner's burden to rebut the presumption of correctness through clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Finally, when the Texas Court of Criminal Appeals, the state's highest criminal court, denies relief on a state habeas-corpus application without written order, typically it is

an adjudication on the merits, which is likewise entitled to this presumption. *Richter,* 562 U.S. at 100; *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court "should 'look through' the unexplained decision to the last related state-court decision providing" particular reasons, both legal and factual, "presume that the unexplained decision adopted the same reasoning," and give appropriate deference to that decision. *Wilson v. Sellers,* --- U.S. ---, 138 S. Ct. 1188, 1191-92 (2018).

## V. DISCUSSION

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey,* 469 U.S. 387, 396 (1985); *Strickland v. Washington,* 466 U.S. 668, 688 (1984). To prevail on an ineffective assistance claim in the context of a guilty plea, a defendant must demonstrate that his plea was rendered unknowing or involuntary by showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 56-59 (1985); *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983); *see also Strickland,* 466 U.S. at 687. In assessing the reasonableness of counsel's representation, "counsel should be 'strongly

5

presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 690).

Further, by entering a knowing, intelligent and voluntary guilty plea, a defendant waives all nonjurisdictional defects in the proceedings preceding the plea, including all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. *Smith*, 711 F.2d at 682; *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981). A guilty plea is knowing, voluntary and intelligent if done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). If a challenged guilty plea is knowing, voluntary and intelligent, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995).

In his first two grounds, petitioner asserts that trial counsel, Lesa Pamplin, was ineffective by failing to request a competency evaluation of him before trial and to investigate his long history of mental illness. He contends that on the day of trial, he was brought to court from a "MHMR special housing unit" where he was undergoing "intensive psycho analysis" (IPA); heavily medicated under the supervision of a doctor who had changed and increased his psychotropic medication; sleep-

6

deprived, malnourished, glassy-eyed, disheveled, disoriented, and confused; and clothed in prison suicide garb. (Pet'r's Mem. 20, doc. 2.) He argues that these circumstances should have alerted counsel and raised a bona fide doubt as to his competence to stand trial. (Id.; Pet'r's Traverse 9-10, doc. 19.) Counsel filed an affidavit in the state habeas proceeding responding to petitioner's allegations, in relevant part, as follows (all spelling, grammatical, and/or punctuation errors are in the original):

> Defense Counsel was originally appointed to represent [petitioner] on June 6, 2014, on a drug charge and again on September 15, 2014, after [petitioner] was charged with two robberies. On September 16, 2014, Defense Counsel filed 39.14 Motions to obtain discovery on the cases. Defense Counsel received discovery containing the injured parties' interviews, video surveillance of the hotel, still images, the store surveillance, and still photos from the 7-11.
>
> . . .
>
> On November 11, 2014, Counsel was present at [petitioner]'s consultation court setting. Assistant District Attorney Lisa Callahan was assigned to [petitioner]'s case. The State's initial offer to [petitioner] was Forty (40) years in [TDCJ]. [Petitioner]s criminal history is as follows:
>
> Cause Number 80CR4099 - Attempted First Degree Rape - Twenty Years (20) Jury Trial
>
> Cause Number 80CR4100 - Kidnapping - Thirty-Five Years (35) - Jury Trial
>
> Cause Number 92CRS10656 - Common Law Robbery - Ten Years (10) - Plea
>
> Cause Number 92CRS10657 - Common Law Robbery - Ten

7

Years (10) - Plea

Cause Number 92CRS10658 - Common Law Robbery - Ten
Years (10) - Plea

Cause Number 92CRS1807 - Common Law Robbery - Ten
Years (10) - Plea

Cause Number 04CRS054297 Common Law Robbery -
12-15 months - Plea

Cause Number 10CRS000527 - Felony Probation
Violation - 8-10 months - Plea

Cause Number 05CRS057641 - Attempted Escape from
DOC - 8-10 months - Plea

Cause Number 04CRS59069 - Common Law Robbery -
20-24 months - Plea

Cause Number 04CRS057445 - Common Law Robbery -
20-24 months - Plea

Cause Number 04CRS05447 - Felony Possession of
Cocaine - 20-24 months - Plea

Cause Number 04CRS057503 - Common Law Robbery -
20-24 months - Plea

Cause Number 04CRS059070 - Attempted Kidnapping -
could not determine sentence

Cause Number 04CRS059515 -Common Law Robbery -
could not determine sentence

[Petitioner] has presented no evidence that his attorney's actions misled him as to the grounds of his plea bargain or prevented him from making a voluntary and informed decision to
enter the plea of guilty.

Defense Counsel reviewed every aspect of this case with [petitioner] on numerous occasions. Defense Counsel discussed with [petitioner] his extensive criminal history and the perils of going to trial. Defense counsel reviewed with [petitioner] all of his previous robbery convictions and the fact that he was similarly charged in this case. [Petitioner] was fully

capable of communicating with Defense Counsel about trial strategies and helping with his defense. [Petitioner] requested Defense Counsel file a Motion for a Competency Evaluation to delay court dates and a trial. Defense Counsel explained to [petitioner] that he was clearly capable of communicating with Defense Counsel in person and in writing and understood the pending charges.

[Petitioner] appeared at the April 21, 2015 setting wearing a green suicide prevention suit. [Petitioner] maintained this status from April 21-23rd, 2015. [Petitioner] was placed in general population on April 23, 2015, two days after his plea. [Petitioner] advised that he did not want to go to prison and asked if the State would consider probation or a drug treatment program. The State was not willing to consider probation or a reduction on the plea offer.

A person is incompetent to stand trial if the person does not have: (1) sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceeding against the person. [Petitioner] was clearly capable of communicating his desires regarding a favorable outcome as evidenced by two (2) letters Defense Counsel received in January and February of 2015.

At no time during my representation did Defense Counsel ever believe [petitioner] was incompetent. [Petitioner] was able to communicate his desires for a possible dismissal, reduction or a term of community supervision. In [petitioner]'s letter dated February 5, 2015, he wrote that he researched deferred adjudication and was confident that he could successfully complete any terms and conditions. Additionally, he wrote, "In light of my criminal history, we realize any favorable resolution is truly a blessing from God and would require not only an attorney who "can walk on water" but "willing" to do so to save a client about to drown as a result of his/her own doing".

On February 11, 2015, during the Courts inventory docket, Counsel spoke with Assistant District Attorney Alicia Cannon regarding lowering the State's offer. After speaking with Ms. Cannon, [petitioner]'s offer was lowered to Twenty (20) years in [TDCJ].

[Petitioner] was not satisfied with this offer and his
case was passed to the Status Conference Docket on
April 21, 2015. On this date, Ms. Cannon advised that
if [petitioner] did not accept the offer of Twenty (20)
years, the offer would be pulled from the table.
[Petitioner]'s sister Patricia was present in court and
asked that I relay to [petitioner] that he needed to
accept the plea. [Petitioner] freely and voluntarily
pled to the offense of robbery on April 21, 2015.

(SHR 37-41, doc. 15-10 (record citations omitted).)

Based on the documentary record, counsel's affidavit, and his own recollection of the plea proceedings, including petitioner's demeanor in court, the state habeas judge entered the following relevant factual findings, which were later adopted by the Texas Court of Criminal Appeals, regarding petitioner's competence to stand trial:

5. [Petitioner] presents no evidence that he was not competent to stand trial in this case.

6. On December 19, 2014, the trial court received a written assessment of [petitioner]'s mental health which found that, after [petitioner] was evaluated by a Qualified Mental Health Professional, there was no "clinical evidence to support a belief that [petitioner] may be incompetent to stand trial and should undergo a complete competency examination.

7. Hon. Pamplin found [petitioner] clearly capable of communicating with her regarding this case.

8. [Petitioner] was capable of consulting with his attorney with a reasonable degree of rational understanding both in person and in writing.

9. [Petitioner] was fully capable of discussing with Hon. Pamplin trial strategies.

10. [Petitioner] was able to assist in his defense.

11. At no time during her presentation did Hon.

Pamplin believe that [petitioner] was incompetent.

12. [Petitioner] requested Hon. Pamplin to file a Motion for a Competency Evaluation to delay court dates and a trial.

13. Hon. Pamplin advised [petitioner] that, because he was capable of communicating with her and understood the proceedings, a motion for a competency evaluation was unnecessary.

14. [Petitioner] was able to research deferred adjudication on his own and conclude that his own criminal history would affect his ability to receive deferred adjudication.

15. There is evidence that [petitioner] had the sufficient present ability to consult with Hon. Pamplin with a reasonable degree of rational understanding.

16. There is evidence that [petitioner] had a rational as well as factual understanding of the proceeding against the person.

17. There is evidence that [petitioner] was competent to plead guilty.

18. Hon. Pamplin discovered that [petitioner] had at least thirteen prior felony convictions.

19. Hon. Pamplin concluded that the evidence against [petitioner] was pretty extensive.

20. Hon. Pamplin reviewed every aspect of the case with [petitioner] on numerous occasions.

21. Hon. Pamplin discussed with [petitioner] his extensive criminal history and the perils of going to trial.

22. Hon. Pamplin reviewed with [petitioner] his previous robbery convictions and the fact that he was similarly charged in this case.

23. Hon. Pamplin discussed with [petitioner] trial strategies.

24. At the April 21, 2015, setting, [petitioner] was dressed in a green suicide prevention suit.

25. On April 21, 2015, [petitioner] advised Hon. Pamplin that he did not want to go to prison and asked if the State would consider probation or a drug treatment program.

26. The State was not willing to consider probation or a reduction on the plea offer.

27. On November 11, 2014, the State offered a forty year plea offer.

28. On February 11, 2015, Hon. Pamplin negotiated a lesser plea offer of twenty years confinement.

29. Initially, [petitioner] rejected the State's twenty year plea offer.

30. On April 21, 2015, the State advised that the twenty year plea offer would be pulled from the table if [petitioner] did not accept it on that date.

31. If convicted at trial, [petitioner] faced a minimum of twenty-five years based on his prior convictions.

32. There was store surveillance footage of [petitioner], [petitioner] was found with a car matching the description of the car on the surveillance footage, and the victim identified [petitioner] in a photo line-up.

33. Hon. Pamplin's advice to plead guilty for a sentence less than what [petitioner] faced at trial was the result of reasonable trial strategy.

34. Hon. Pamplin found [petitioner]'s plea to be freely and voluntarily made after weighing his options.

35. [Petitioner] was admonished in accordance with article 26.13 of the Texas Code of Criminal Procedure.

36. [Petitioner] acknowledged by his signature that he

fully understood the written plea admonishments.

37. [Petitioner] acknowledged by his signature that he was aware of the consequences of his plea.

38. [Petitioner] acknowledged by his signature that his plea was "knowingly, freely, and voluntarily entered."

39. [Petitioner] acknowledged by his signature that "[n]o one ha[d] threatened, coerced, forced, persuaded or promised [him] anything in exchange for [his] plea."

40. [Petitioner] acknowledged by his signature that he was "totally satisfied with the representation given to [him] by [his] attorney."

41. [Petitioner] acknowledged by his signature that his "attorney provided [him] fully effective and competent representation."

42. Hon. Pamplin acknowledged by her signature that she believed that [petitioner]'s plea and waiver of rights were "intelligently, knowingly, and voluntarily" made.

43. This Court personally admonished [petitioner] and found that his plea was "intelligently, freely and voluntarily entered."

44. There is evidence that [petitioner]'s plea was voluntary and knowing.

45. There is no evidence to support [petitioner]'s claim that Hon. Pamplin used pressure, threats, and coercion to force [petitioner] to plead guilty.

46. There is no evidence to overcome the presumption that [petitioner]'s plea was regular.

(SHR 181-85, doc. 15-11 (record citations omitted).)[4]

---

[4]In his traverse, petitioner contends that the "fact finding procedure employed by the state court was not a comprehensive, full or fair hearing." (Traverse 8, doc. 19.) A full and fair hearing does not necessarily require live testimony. The Fifth Circuit has repeatedly found that a paper hearing is

13

As articulated by the United States Supreme Court, the test to determine a person's competency to stand trial is "whether he has the sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 402 (1960). Texas has adopted the same rule, but adds that a "defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence." TEX. CODE CRIM. PROC. ANN. art. 46B.003 (West 2006). Based on its factual findings, and applying state law in addition to the *Strickland* standard, the state habeas court reached the following legal conclusions on the issue:

> 7. There is a presumption of regularity with respect to guilty pleas under Texas Code of Criminal Procedure art. 1.15.
>
> 8. Before accepting a guilty plea, the court must admonish the defendant as to the consequences of his plea, including determining whether the plea is freely, voluntarily, and knowingly given.
>
> 9. [Petitioner] was properly admonished.

---

sufficient to afford a habeas petitioner a full and fair hearing on the factual issues underlying the petitioner's claims, especially where, as here, the trial court and the state habeas court are one in the same. *See Clark v. Johnson,* 202 F.3d 760, 766 (5th Cir. 2000). *See also Miller-El v. Johnson,* 261 F.3d 445, 454 (2001) (providing state court's competency determination following a paper hearing is finding of fact entitled to presumption of correctness under habeas corpus statute).

>     . . .
>
> 11. [Petitioner] had the sufficient present ability at the time of his plea to consult with his lawyer with a reasonable degree of factual understanding.
>
> 12. [Petitioner] had a rational as well as factual understanding of the proceedings against him.
>
> 13. [Petitioner] was competent to stand trial at the time of his plea.
>
> 14. [Petitioner] has failed to prove that his plea was the result of pressure, threats, and coercion.
>
> 15. [Petitioner] has failed to overcome the presumption that his plea was regular.
>
> 16. [Petitioner] has failed to prove that counsel's representation was deficient because she allowed him to plead guilty.

(*Id.* at 186-88 (citations omitted).)

Petitioner fails to present clear and convincing evidence in rebuttal. 28 U.S.C. § 2254(e)(1). Thus, this court must apply the presumption of correctness to the state courts' findings on the issue. Having done so, petitioner's claims that counsel was ineffective by failing to request a competency evaluation and by failing to investigate his history of mental illness are groundless. Petitioner offers no MHMR or other medical or psychiatric records to refute the state courts' determination that he was competent to enter his guilty plea. Conclusory and unsupported allegations of incompetency or mental illness in

15

petitioner's pleadings are insufficient to support his claims that counsel was ineffective for failing to request a competency evaluation or to investigate his mental health. *See Ross v. Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983) (providing "[a]bsent evidence in the record, a court cannot consider a petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative value"). Even assuming petitioner's assertions are true, he has not shown how his ability to participate and assist in his defense was substantially undermined. On the contrary, the record reflects that based on the trial court's and counsel's interaction with petitioner, both the court and counsel were clearly under the opinion that petitioner was competent to stand trial. Petitioner fails to demonstrate objective facts known to the court or counsel which would have signaled a bona fide doubt as to his competency. Petitioner's self-serving assertions, after the fact, are in and of themselves inadequate. *See Drinkard v. United States,* 302 F.3d 279, 284 (5th Cir. 2011) (giving statements during plea colloquy greater weight than "unsupported, after-the-fact, self-serving revisions"). *See also, e.g., Panuccio v. Kelly,* 927 F.2d 106, 109 (2d Cir. 1991) (a defendant's testimony after the fact suffers from obvious credibility problems).

Because petitioner's guilty plea was intelligent, knowing,

16

and voluntary, his claim under ground three that counsel labored under a conflict of interest because she was paid by both the state and petitioner's parents was waived by the plea. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Petitioner's cumulative-effect claim under ground four is likewise waived by the plea as he cites to no alleged misconduct by counsel after the plea was entered.

In summary, petitioner presents no evidentiary, factual, or legal basis in this federal habeas action that could lead the court to conclude that the state courts unreasonably applied the standards set forth in *Strickland* or that the state courts' decision was based on an unreasonable determination of the facts given the evidence presented in state court. 28 U.S.C. § 2254(d). Petitioner's conclusory assertions, after the fact, are insufficient to rebut the presumption that he received effective assistance of counsel, that he was competent to stand trial, and of the regularity of the state court records. *See Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding state court records "are entitled to a presumption of regularity"). Nothing in the record indicates that counsel allowed or forced petitioner to plead guilty while he was incompetent.

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied and that a certificate of appealability be, and is hereby denied.

SIGNED May **24**, 2018.

                                                JOHN MCBRYDE
                                          UNITED STATES DISTRICT JUDGE